IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Keith Alan Clark, | C/A No. 0:13-351-TLW-PJG |
| Petitioner, | |
| vs. | **REPORT AND RECOMMENDATION** |
| Larry Cartledge, *Warden Perry Correctional Inst.*, | |
| Respondent. | |

Petitioner Keith Alan Clark ("Clark"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 18.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Clark was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 20.) Clark responded in opposition (ECF No. 25) and also filed a motion requesting an evidentiary hearing (ECF No. 24). Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondent's motion for summary judgment should be granted and Clark's Petition denied.

**BACKGROUND**

Clark was indicted in November 2004 in Greenville County for kidnapping (04-GS-23-8179), and assault with intent to commit criminal sexual conduct (04-GS-23-8180). (App. at 344-45, 348-49, ECF No. 19-2 at 170-71, 174-75.) Clark was represented by John Abdalla, Esquire, and on January 14-15, 2006 was tried by a jury and found guilty as charged. (App. at 227, ECF No. 19-2

at 53.) The circuit court sentenced Clark to thirty years' imprisonment for kidnapping and thirty years' imprisonment for assault with intent to commit criminal sexual conduct, both sentences to be served concurrently. (App. at 239, ECF No. 19-2 at 65.)

Clark timely appealed and was represented by Eleanor Duffy Cleary, Esquire, of the South Carolina Commission on Indigent Defense, who filed a final brief on Clark's behalf that presented the following claim:

> Did the trial judge err by failing to grant a mistrial when the state's witness disclosed that appellant Clark had a criminal background and the improper testimony caused irreparable prejudice to Clark that could not be cured by a jury instruction; where counsel did not open the door to the testimony by asking the state's witness if she had filed a civil lawsuit against Clark's company and where Clark did not waive his objection by testifying and thus allowing himself to be impeached by evidence of a prior bank robbery?

(ECF No. 19-4 at 4.) The State filed a final brief. (ECF No. 19-5.) On December 11, 2007, the South Carolina Court of Appeals issued an order affirming the decision of the lower court. (State v. Clark, Op. No. 07-UP-547 (S.C. Ct. App. Dec. 11, 2007); App. at 242-43; ECF No. 19-2 at 68-69.) The remittitur was issued on December 31, 2007. (ECF No. 19-6.)

Clark filed a *pro se* application for post-conviction relief ("PCR") on April 2, 2008 in which he raised numerous claims of ineffective assistance of trial counsel. (Clark v. State of South Carolina, 08-CP-23-2490; App. at 244-58, ECF No. 19-2 at 70-84.) The State filed a return. (App. at 262-65, ECF No. 19-2 at 88-91.) Clark, through counsel, amended his application on November 24, 2008, raising additional claims of ineffective assistance of trial counsel. (See App. at 334-35, ECF No. 19-2 at 160-61.) On February 24, 2009, the PCR court held an evidentiary hearing at which Clark appeared and testified and was represented by Rodney Richey, Esquire. During the hearing, the PCR court issued rulings on the following claims: that trial counsel was ineffective in (1) failing to object to the indictment; (2) failing to conduct a proper factual investigation; (3) failing to object

to the State's closing argument; (4) failing to request that the judge recharge the jury on the lesser included offense of assault and battery of a high and aggravated nature; (5) failing to object to the adequacy of the trial court's curative instruction and move for a mistrial; and (6) failing to introduce a videotape into evidence. (App. at 316-30, ECF No. 19-2 at 142-56.) By order filed June 5, 2009, the PCR judge denied and dismissed with prejudice Clark's PCR application. (App. at 332-42, ECF No. 19-2 at 158-68.)

Clark appealed. On appeal, Clark was represented by Elizabeth Franklin-Best, Esquire, of the South Carolina Commission on Indigent Defense, who filed a petition for a writ of certiorari on Clark's behalf that presented the following issue:

> Did trial counsel render ineffective assistance of counsel when he did not request a re-charge on ABHAN when the trial judge recharged the jury on assault with intent [t]o commit first degree CSC?

(ECF No. 19-8.) The State filed a return. (ECF No. 19-9.) On July 3, 2012, the South Carolina Court of Appeals issued an order denying Clark's petition for a writ of certiorari. (ECF No. 19-10.) The remittitur was issued on July 20, 2012. (ECF No. 19-11.) This action followed.

### FEDERAL HABEAS ISSUES

Clark's federal petition for a writ of habeas corpus raises the following issues:

> **Ground One:** Petitioner asserts he suffered a substantial constitutional rights violation. When trial counsel failed to renew his objection and ask for a mistrial in regards to the sufficiency of the judge's curative instruction. After evidence of his prior criminal background was introduced during his trial. Trial counsel's actions caused his direct appeal to be dismissed because the ground was not preserved for appellate review. Therefore counsel's trial court strategy was deficient and prejudicial and denied him effective assistance of counsel in violation of the Sixth (6th) Amendment of the United States Constitution.
>
> **Ground Two:** Petitioner asserts that the PCR Court's decision on the prejudice prong of Strickland v. Washington was contrary to clearly establish[ed] federal law, and United States Supreme Court precedent.



**Ground Three:** Petitioner asserts he was denied effective assistance of counsel, in violation of his Sixth (6th) Amendment right of the United States Constitution. When trial counsel failed to request a re-charge on assault and battery of a high and aggravated nature (ABHAN), when the trial judge re-charged the jury on assault with intent to commit first (1st) degree criminal sexual conduct.

**Ground Four:** Petitioner asserts his indictments kidnapping and assault with intent to commit first degree criminal sexual conduct, were issued in violation of Rule #3(c) of the South Carolina Rules of Criminal Procedure. Therefore, violating his Equal Protection and Due Process rights under the Fifth (5th) and Fourteenth (14th) Amendments of the United States Constitution. The State's decision was contrary to and involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court.

(Pet., ECF No. 1.)

## DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the



entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c)), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Habeas Corpus Standard of Review**

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also Harrington v. Richter, 131 S. Ct. 770, 785 (2011); Humphries



v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 131 S. Ct. at 786 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review. Id. at 785. Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. See id. at 784 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. Id. Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. Id. at 786. "If this standard is difficult to meet, that is because it was meant to be." Id. Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

**C.     Exhaustion Requirements**

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas



petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), abrogated on other grounds by United States v. Barnette, 644 F.3d 192 (4th Cir. 2011); see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 471 S.E.2d 454, 454 (S.C. 1990) (holding that "when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies."). To exhaust his available state court remedies, a petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks and citation omitted). Thus, a federal court may consider only those issues which have been properly presented to the state appellate courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth, 377 F.3d 437; see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

**D.     Summary Judgment Motion**

    **1.     Procedural Bar**

The respondent first argues that Grounds One, Two, and Four are procedurally barred from federal habeas review. These grounds allege that trial counsel was ineffective in failing to renew his objection and ask for a mistrial with regard to the sufficiency of the judge's curative instruction after evidence of Clark's prior criminal background was introduced during his trial (Grounds One and



Two) and that Clark's indictments were issued in violation of the state rules of criminal procedure which violate his rights to equal protection and due process (Ground Four). The respondent points out that Clark did not present the issues raised in Grounds One and Two to the state appellate courts during his PCR appeal and that he did not present Ground Four at any time to the state courts, rendering these claims procedurally defaulted.[1] Upon review of the record, the court agrees. See Coleman, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review); Picard v. Connor, 404 U.S. 270, 275-76 (1971) (stating that to exhaust state remedies, a petitioner's "federal claim must be fairly presented to the state courts" to give the state courts "the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding"). Moreover, these grounds would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules if Clark attempted to raise them now. See Lawrence, 517 F.3d at 714; Longworth, 377 F.3d 437; see also Coleman, 501 U.S. 722.

Therefore, these grounds are procedurally barred unless Clark can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. In response, Clark appears to argue that these grounds were not properly exhausted because collateral counsel failed to raise them, appearing to rely on the holding in Martinez v. Ryan, 132 S. Ct. 1309 (2012). Generally, any errors of PCR counsel cannot serve as a basis for cause to excuse a petitioner's procedural default of his claims. See Coleman, 501 U.S. at 752. However, in Martinez

---

[1] With regard to Ground Four, the respondent also points out that to the extent that Clark intended to couch this ground as an allegation of ineffective assistance of trial counsel, although such a claim was presented to the PCR court this claim was similarly not presented to the state appellate courts during his PCR appeal.



the United States Supreme Court established a "limited qualification" to the rule in Coleman. Martinez, 132 S. Ct. at 1319. The Martinez Court held that inadequate assistance of counsel "at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." Id. at 1315. In describing its holding in Martinez, the Supreme Court has recently stated that

> [w]e . . . read Coleman as containing an exception, allowing a federal habeas court to find "cause," thereby excusing a defendant's procedural default, where (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding."

Trevino v. Thaler, 133 S. Ct. 1911, 1918 (2013) (citing Martinez, 132 S. Ct. at 1318-19, 1320-21); see also Sexton v. Cozner, 679 F.3d 1150, 1159 (9th Cir. 2012) (summarizing the Martinez test to require the following: "a reviewing court must determine whether the petitioner's attorney in the first collateral proceeding was ineffective under Strickland, whether the petitioner's claim of ineffective assistance of trial counsel is substantial, and whether there is prejudice").

With regard to Clark's allegations in Grounds One and Two, the court observes that these claims were raised to and ruled on by the PCR court; however, they were not properly exhausted because PCR *appellate* counsel failed to raise them during Clark's PCR appeal. As stated above, Martinez is a *limited exception* and allegations that claims are not properly exhausted due to PCR *appellate* counsel's failure to raise them is insufficient to demonstrate cause. Cf. Martinez, 132 S. Ct. at 1315, 1320 (recognizing that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of ineffective assistance at trial," but not extending the possibility of establishing cause to "attorney errors in other kinds of

proceedings, including appeals from initial review collateral proceedings"). Similarly, with regard to Clark's claims in Ground Four—that his indictments were issued in violation of Rule 3(c) of the South Carolina Rules of Criminal Procedure, which violated his rights to equal protection and due process—Martinez does not establish cause, as its holding applies only to procedural default of a claim of *ineffective assistance of trial counsel*. See Banks v. Workman, 692 F.3d 1133, 1148 (10th Cir. 2012); Blanding v. Warden of McCormick Corr. Inst., C/A No. 8:12-1179-MGL-JDA, 2013 WL 5316613, at *17 (D.S.C. Sept. 20, 2013) (adopting report and recommendation holding that "claims of trial court error, prosecutorial misconduct, and ineffective assistance of appellate counsel are not affected by Martinez"). Therefore, Clark's Ground One, Two, and Four claims are procedurally barred, as he has failed to "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

    **2.     Ground Three**

In Ground Three, Clark raises a claim of ineffective assistance of trial counsel. A defendant has a constitutional right to the effective assistance of counsel. To demonstrate ineffective assistance of counsel, a petitioner must show, pursuant to the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. Id. at 687; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims").

    To satisfy the first prong of Strickland, a petitioner must show that trial counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution. With regard to the second prong of



Strickland, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Prejudice may be presumed when (1) a defendant is completely denied counsel at a critical stage of his trial, (2) counsel "entirely fails to subject the prosecution's case to a meaningful adversarial testing," or (3) "although counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial." United States v. Cronic, 466 U.S. 648, 659 (1984).

The United States Supreme Court has cautioned federal habeas courts to "guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d)." Harrington, 131 S. Ct. 770, 788 (2010). The Court observed that while " '[s]urmounting Strickland's high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult." Id. (quoting Padilla v. Kentucky, 559 U.S. 356, 371 (2010)). The Court instructed that the standards created under Strickland and § 2254(d) are both " 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." Id. (citations omitted). Thus, when a federal habeas court reviews a state court's determination regarding an ineffective assistance of counsel claim, "[t]he question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id.

Although the Supreme Court has held that a decision containing a reasoned explanation is not required from the state court, in the case at bar this court has the benefit of the PCR court's written opinion, certiorari review of which was denied by the South Carolina Court of Appeals. See, e.g., Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991) (indicating that when a state appellate court



affirms a lower court decision without reasoning, the court may look through the later, unreasoned, summary disposition and focus on the last reasoned decision of the state court).  Having reviewed the PCR court's order pursuant to the § 2254 standard, the court finds for the reasons that follow that the state court did not unreasonably misapply the Strickland test in determining that no Sixth Amendment violation occurred.

In Ground Three, Clark alleges that trial counsel was ineffective in failing to request the trial judge "re-charge [the jury] on assault and battery of a high and aggravated nature (ABHAN), when the trial judge re-charged the jury on assault with intent to commit first (1st) degree criminal sexual conduct." (ECF No. 1 at 23.)  As stated above, Clark was charged with kidnapping and assault with intent to commit criminal sexual conduct.  In his Petition, Clark alleges that the trial judge initially charged the jury with both assault with intent to commit criminal sexual conduct and ABHAN and during deliberations, the jury requested that the trial judge re-charge them on assault with intent to commit criminal sexual conduct.  Clark alleges that when trial counsel asked if the trial judge intended to include in the re-charge the lesser included crime of ABHAN, the trial judge indicated that the jury did not request it and trial counsel did not make any further objection.

In rejecting this claim, the PCR court made the following relevant findings:

> This Court finds the Applicant failed to meet his burden of proving he is entitled to a new trial because trial counsel should have requested a re-charge on ABHAN when the trial judge re-charged the jury on assault with intent to commit first-degree [criminal sexual conduct ("CSC")].  After the judge read the jury's question that they wanted "the judge to reread statute on charge of assault to commit CSC," trial counsel clearly requested a re-charge on ABHAN as well because he asked if the judge intend[ed] "to read the lessor [sic] included as well."  The trial judge declined to do so, noting the jury did not request it. (Trial transcript, p.224, lines 8-17).  Trial counsel did not object.  This Court finds the failure to make such an objection was error and the Applicant satisfied the first prong of the Strickland test.  This Court finds, however, that the Applicant failed to meet the second prong of the Strickland test because he cannot prove there was a reasonable likelihood the outcome of his case would have been different if ABHAN had been re-charged.  Cherry v. State, 300



> S.C. at 117-18, 386 S.E.2d at 625. The question to the jury is whether the State met all the elements of assault with intent to commit first-degree CSC. Clearly, this question can be answered in the affirmative. The jury was informed of all three options for that specific set of facts—not guilty, ABHAN, and assault with intent to commit first-degree CSC—and made their decision. See State v. Pipkin, 359 S.C. 322, 327, 597 S.E.2d 831, 833 (Ct. App. 2004) (noting the jury is "the finder of fact and weigher of credibility"); see also Bruno v. State, 347 S.C. 446, 556 S.E.2d 393 (2001) (noting that, by its verdict, the jury clearly rejected the defendant's account of what transpired). This Court finds nothing in a re-charge of ABHAN would have changed the jury's conclusion. The Applicant, therefore, failed to prove both prongs of the Strickland test. See Frasier v. State, 351 S.C. at 389, 570 S.E.2d at 174.

(App. at 338-39, ECF No. 19-2 at 164-65.) Clark disputes the PCR court's determination, reasserting his position that he presented to the state courts. Specifically, Clark argues that he was prejudiced by trial counsel's alleged error.

Upon review of the parties' arguments and the record in this matter, the court finds that Clark cannot demonstrate that the PCR court unreasonably misapplied clearly established federal law as decided by the Supreme Court in rejecting his claim of ineffective assistance of counsel or that the PCR court made objectively unreasonable factual findings. See Williams, 529 U.S. at 410; 28 U.S.C. § 2254(d), (e)(1). As observed by the Harrington court, "[t]he pivotal question is whether the state court's application of the Strickland standard was unreasonable. This is different from asking whether defense counsel's performance fell below Strickland's standard." Harrington, 131 S. Ct. at 785. Clark has failed to demonstrate that the PCR court erred in determining that Clark failed to establish that there is a reasonable probability that the result of the proceeding would have been different if trial counsel had objected to the trial judge's failure to re-charge the jury with ABHAN when they requested a re-charge on assault with intent to commit criminal sexual conduct. Strickland, 466 U.S. at 687, 694. Clark's conclusory and speculative assertion that he was prejudiced is insufficient. Therefore, Clark has not shown that the PCR court's analysis of this issue

PJG

misapplied clearly established federal law or, even if there was an error, that it was unreasonable. See <u>Williams</u>, 529 U.S. at 410.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the respondent's motion for summary judgment (ECF No. 18) be granted. In light of the court's recommendation, Clark's motion for an evidentiary hearing should be denied. (ECF No. 24.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 3, 2014
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).