IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Keith Alan Clark, | ) Civil Action No.: 0:13-351-BHH |
| Petitioner, | ) |
| v. | ) **OPINION AND ORDER** |
| Larry Cartledge, *Warden Perry Correctional Institution*, | ) |
| Respondent. | ) |

The petitioner Keith Alan Clark ("the petitioner" or "Clark"), proceeding *pro se*, filed this writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the within action was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling and a Report and Recommendation. Magistrate Judge Gossett recommends that the respondent's motion for summary judgment be granted and the petitioner's motion for an evidentiary hearing be denied. (ECF No. 28.) The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter and the Court incorporates them without recitation.

## **BACKGROUND**

The petitioner filed this action against the respondent on February 5, 2013,[1] alleging *inter alia* ineffective assistance of counsel, and violations of the Fifth and Fourteenth Amendments. On February 3, 2014, the Magistrate Judge issued a Report and

---

[1] This filing date reflects that the envelope containing the petition was stamped as having been received on February 5, 2013, by the Perry Correctional Institution mailroom. (ECF No.1-12.) *Houston v. Lack*, 487 U.S. 266 (1988) (holding prisoner's pleading is considered filed when given to prison authorities for forwarding to the district court).

Recommendation recommending that the respondent's motion for summary judgment be granted. (ECF No. 28 at 14.) On March 20, 2014, the plaintiff filed Objections. (ECF No. 36.)

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir.2005).

## DISCUSSION

As noted above, the petitioner filed objections to the Magistrate Judge's Report and Recommendation which the Court has carefully reviewed. However, petitioner's objections, while verbose, provide no basis for this Court to deviate from the Magistrate Judge's recommended disposition. The Magistrate Judge recommended granting the respondent's

motion for summary judgment because the petitioner has not shown that the PCR court erred and misapplied clearly established federal law.

Clark's federal petition for a writ of habeas corpus raised four grounds for relief. The Magistrate Judge found that grounds 1, 2, and 4 were barred because they were not presented to the state appellate courts during Clark's PCR appeal. As the Magistrate Judge observed and this Court has previously held, the Supreme Court's ruling in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) does not apply to ineffective assistance of *appellate* PCR counsel. *See Barbaris v. Taylor*, No. CA 4:12-229-CMC-TER, 2012 WL 6186499, at *1 (D.S.C. Dec. 12, 2012) appeal dismissed, 520 F. App'x 183 (4th Cir. 2013) cert. denied, 134 S. Ct. 445, 187 L. Ed. 2d 298 (2013) ("Ineffective assistance of PCR appellate counsel does not amount to an independent constitutional violation, and is not therefore 'cause' for a procedural default."). Clark's objections do not address this critical conclusion.

With regard to Clark's third ground for relief, the Magistrate Judge found that Clark could not demonstrate that his PCR court unreasonably misapplied clearly established federal law in rejecting his claim of ineffective assistance, and this Court agrees. Moreover, Clark fails to make a valid, specific objection to this finding. Instead, his objections simply rehash the same allegations raised in his prior submissions.

Out of an abundance of caution, the Court has carefully reviewed Plaintiff's objections and has made a *de novo* review of the entire Report and Recommendation and finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Upon review, the Court finds Plaintiff's objections have no merit and are hereby overruled.

**CONCLUSION**

For the reasons stated above and by the Magistrate Judge, the Court overrules the petitioner's objections and adopts and incorporates by reference the Magistrate Judge's Report and Recommendation. Accordingly, the Report and Recommendation is incorporated herein by reference.  It is therefore

ORDERED that respondent's motion for summary judgment (ECF No. 18) is GRANTED, and the petitioner's motion for an evidentiary hearing (ECF No. 24) is DENIED.

CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

IT IS SO ORDERED.

                                                        <u>/s/Bruce Howe Hendricks</u>
                                                        United States District Judge

December 4, 2014
Greenville, South Carolina